JEROME, Appellant,

v.

OHIO STATE BOARD OF EMERGENCY MEDICAL SERVICES, Appellee.

[Cite as *Jerome v. Ohio State Bd. of Emergency Med. Serv.*, 149 Ohio App.3d 106, 2002-Ohio-4511.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2001–L–088.

Decided Aug. 30, 2002.

Dworken & Bernstein Co., L.P.A., and Richard N. Selby II, for appellant.

Betty D. Montgomery, Attorney General, and Barbara J. Petrella, Assistant Attorney General, Health and Human Services Section, for appellee.

ROBERT A. NADER, Judge.

{¶ 1} Appellant, Stephanie Iliano Jerome, appeals from the Lake County Court of Common Pleas' R.C. Chapter 119 administrative appeal affirmance of the adjudication order of the Ohio State Board of Emergency Medical Services ("appellee") adopting the report and recommendation of the administrative hearing examiner, Christopher B. McNeil, suspending appellant's emergency medical technician ("EMT") certification.

{¶ 2} The facts underlying this case are undisputed. On March 18, 1998, the Ohio Department of Public Safety, through the Emergency Medical Services Division and the State Board of Emergency Medical Services, notified appellant that, pursuant to Ohio Adm.Code 4765–10–3, it intended to take action against the EMT certification issued to her with regard to an incident that occurred on January 8, 1997. The matter was brought before hearing examiner John Waddy, on January 28, 1999. On June 5, 2000, hearing examiner Christopher B. McNeil ("McNeil") was appointed to the matter. On July 31, 2000, McNeil filed his report and recommendation after reviewing the record from the January 28, 1999 proceedings.

{¶ 3} On January 8, 1997, appellant was employed as an emergency medical technician-basic ("EMT–Basic") by the Madison Fire Department ("MFD"). In the course of her employment, appellant responded to a motor vehicle accident and treated a woman who was suffering from respiratory distress. Appellant contacted the medical control unit at LakeEast Hospital and advised Nurse Ribinskas that she was treating a female patient who appeared to be suffering from an asthma attack. After appellant relayed the patient's vitals and EKG results, Nurse Ribinskas directed appellant to administer an Albuterol treatment, per Doctor Fleisch's orders. Appellant told the nurse that the responding emergency unit "was not a medical squad"; however, the nurse confirmed the order for Albuterol. Appellant again told the nurse, "this is not a medic squad, however, the EKG appears to be sinus tachycardia," and therefore she was going to give the Albuterol treatment.

{¶ 4} At the time of the incident, appellant's EMT certification authorized her to administer a patient's Albuterol through a metered-dose inhaler if the patient were incapacitated. Appellant was not authorized to administer Albuterol through a nebulizer from the drug box located in the emergency response vehicle, because that procedure may be performed only by an EMT-paramedic. Indeed, appellant testified at the hearing, that she was aware that she was *not* authorized to administer Albuterol through a nebulizer, but administered the treatment because she did not want to disobey the doctor's orders and was concerned that without the Albuterol treatment, the patient's condition would worsen. The record is devoid of any evidence that the treatment harmed the patient.

{¶ 5} The administrative hearing officer concluded that appellant, who was not certified as an EMT-paramedic at the time of the incident, violated Ohio Adm.Code 4765–9–01(E) by administering Albuterol through a nebulizer when she knew that her certification did not permit her to do so. The officer also concluded that appellant violated Ohio Adm.Code 4765–9–01(B) by reporting to the medical control center without first ascertaining whether the patient possessed her own prescribed supply of Albuterol and by failing to advise the medical control center that she had not made such a determination.

{¶ 6} The Ohio State Board of Emergency Medical Services accepted the hearing examiner's findings of fact, conclusions of law, and disciplinary action recommendation and suspended appellant's EMT certification for six months, with credit given for three months served. Appellant appealed to the Lake County Court of Common Pleas, pursuant to R.C. Chapter 119. The court of common pleas affirmed the adjudication order of the Ohio State Board of Emergency Medical Services. Appellant raises the following assignments of error:

{¶ 7} "[1.] Appellant is being unfairly punished for the violations of the medical personnel at LakeEast Hospital.

{¶ 8} "[2.] The administrative hearing officer improperly placed the burden of proof on appellant.

{¶ 9} "[3.] The complaint against appellant was made by the Madison Fire Department with ulterior motive."

{¶ 10} An appellate court's review of an R.C. Chapter 119 administrative appeal is limited to whether the court of common pleas abused its discretion in determining whether the administrative agency decision was supported by reliable, probative, and substantial evidence and was in accordance with law. *Payne v. Ohio Dept. of Human Serv.* (1997), 123 Ohio App.3d 341, 704 N.E.2d 270.

{¶ 11} Ohio Adm.Code 4765–9–01(A) provides that "[an EMT] shall provide professional services that conform to minimal standards of care of [EMTs] under similar circumstances." The Ohio State Board of Emergency Medical Services concluded that appellant's failure to ascertain whether the patient had her own prescribed Albuterol prior to contacting the medical control unit constituted a failure to conform to the minimal standard of care. Review of the record reveals that appellant testified that she did not know whether the patient had her own prescribed Albuterol metered-dose inhaler. Thus, the record is supported by reliable, probative, and substantial evidence. "Moreover, when reviewing a medical board's order, courts must accord due deference to the board's interpretation of the technical and ethical requirements of its profession." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748.

{¶ 12} Ohio Adm.Code 4765–9–01(E) provides that "[an EMT] shall not perform any services that exceed the scope of his certificate * * *." Although it is undisputed that appellant performed a procedure reserved for EMT-paramedics pursuant to R.C. 4765.39(8)(5), she argues, in her first assignment of error, that she is being unfairly punished for following the orders of the LakeEast Hospital medical control unit personnel.

{¶ 13} The services that an EMT-basic can perform are set forth in R.C. 4765.37(B); however, appellant contends that under R.C. 4765.37(D) an EMT-basic may perform additional services "pursuant to the written or verbal authorization of a physician or of the cooperating physician advisory board, or pursuant to an authorization transmitted through a direct communication device by a physician or registered nurse designated by a physician." R.C. 4765.37(D)(1).

{¶ 14} At the outset, we note that the parties stipulated that the administrative hearing would proceed on the basis that appellant was an EMT-intermediate, not an EMT-basic, because the notice of opportunity erroneously stated that she was so certified. Since R.C. 4765.37 governs the performance of

services by an EMT-basic, it is inapplicable to the instant case; however, R.C. 4765.38, which governs the performance of services by an EMT-intermediate, contains a provision identical to the one set forth in R.C. 4765.37. Therefore, we will discuss the provisions set forth in both R.C. 4765.37 and 4765.38.

{¶ 15} R.C. 4765.37(D)(1) provides:

{¶ 16} "Except as provided in division (D)(2) of this section, *if the board determines under division (C) of this section that a service requires prior authorization,* the service shall be performed only pursuant to the written or verbal authorization of a physician or of the cooperating physician advisory board, or pursuant to an authorization transmitted through a direct communication device by a physician or registered nurse designated by a physician." (Emphasis added.)

{¶ 17} R.C. 4765.37(D)(2) provides, in part that, "[i]f communications fail during an emergency situation or the required response time prohibits communication, an EMT-basic may perform services subject to this division, if, in the judgment of the EMT-basic, the life of the patient is in immediate danger." R.C. 4765.37(D)(2) is clearly not applicable in the instant case, since the record is devoid of either a communications failure or any indication that appellant felt that the patient's life was in immediate danger. Having determined that the exception set forth in division (D)(2) is inapplicable, we must next examine division (C).

{¶ 18} R.C. 4765.37(C) authorizes an EMT-basic to perform "any other emergency medical services approved [by the board] pursuant to * * * section 4765.11 of the Revised Code." When determining whether to approve any additional emergency medical services, "[t]he board shall determine whether the nature of any such service requires that an EMT-basic receive authorization prior to performing the service." R.C. 4765.37(C).

{¶ 19} Similarly, R.C. 4765.38(B)(6) authorizes an EMT-intermediate to perform "any other emergency medical services approved [by the board] pursuant to * * * section 4765.11 of the Revised Code." The medical services described in R.C. 4765.38(B) may be performed by an EMT-intermediate only pursuant to the authorization of a physician or a nurse designated by a physician. R.C. 4765.38(C)(1).

{¶ 20} Contemporaneous approval by the board is not what is contemplated by the statute. Instead, the test is whether the procedure is on the board's list of approved emergency medical services. Ohio Adm.Code 4765–6–06, which sets forth the EMT special program curriculum, lists the following additional emergency medical services approved by the board, pursuant to R.C. 4765.11: (1) intubation; (2) automated external defibrillation; (3) subcutaneous autoinjection

of epinephrine for EMT-basic and subcutaneous injection for EMT–Intermediate; and, (4) cardiac monitoring and manual defibrillation.

{¶ 21} Thus, based on the plain language of the statute, the only additional emergency medical services that either an EMT-basic or EMT-intermediate may perform are those that have been previously approved and listed by the board. Accordingly, we conclude that an EMT-basic or an EMT-intermediate may perform any emergency medical service on the list approved by the board after obtaining authorization from a physician or a nurse designated by a physician; however, neither R.C. 4765.37 nor 4765.38 gives an EMT carte blanche to perform *any service* authorized by a physician or registered nurse designated by a physician.

{¶ 22} The record is devoid of any evidence that the Ohio State Board of Emergency Medical Services approved the performance of the emergency medical service at issue in this case, to wit, the administration of Albuterol through a nebulizer after obtaining authorization of a physician, by either an EMT-basic or EMT-intermediate. The administration of Albuterol through a nebulizer is not listed as a permitted procedure in either R.C. 4765.37 or 4765.38, nor is it listed in Ohio Adm.Code 4765–6–06. Thus, regardless of appellant's good intentions and misplaced reliance on the orders of the medical control unit, the record demonstrates that her actions, in fact, exceeded the scope of R.C. 4765.37 and 4765.38.

{¶ 23} Accordingly, we conclude that the record is supported by reliable, probative, and substantial evidence. This court must accord due deference to the board's interpretation of the requirements of the profession. Thus, we conclude that the trial court did not abuse its discretion in affirming the adjudication and order of the Ohio State Board of Emergency Medical Services. Hence, the record is supported by reliable, probative, and substantial evidence. Appellant's first assignment of error lacks merit.

{¶ 24} In appellant's second assignment of error, she argues that the hearing officer improperly placed the burden of proof on appellant to prove that the medical control unit was fully aware of the patient's condition rather than placing the burden on the Attorney General to show that the medical control unit's order was based on incomplete information. Appellant's argument is irrelevant to the determination of whether she exceeded the scope of her certification and whether she failed to meet the minimum standard of care. Hence, appellant's second assignment of error is without merit.

{¶ 25} In appellant's third assignment of error, she argues that the MFD's complaint was brought with an ulterior motive. Specifically, she alleges that the complaint was brought in retaliation for a sexual harassment and discrimination suit. The record is devoid of any evidence to support appellant's

argument. Further, the motive of the complainant is immaterial to the determination of whether appellant violated the technical and ethical rules governing EMTs. Appellant's third assignment of error is without merit.

{¶ 26} Based on the foregoing, the judgment of the Lake County Court of Common Pleas is hereby affirmed.

Judgment affirmed.

WILLIAM M. O'NEILL, P.J., and JUDITH A. CHRISTLEY, J., concur.